IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GUMERCINDO ROMERO JR., | ) | |
| Plaintiff, | ) ) ) ) | |
| v. | ) ) | Case No. CIV-16-581-HE |
| HECTOR RIOS, et al., | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Gumercindo Romero, appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging civil rights violations. (ECF No. 1). Chief United States District Judge Joe Heaton has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). A review of the complaint has been conducted pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B). Based on that review, it is recommended that the Court should: (1) dismiss, with prejudice, the conspiracy claim in its entirety and any claim against Defendant Clark and (2) dismiss, without prejudice, the claims against Defendants Rios and Doe. The Court should conclude that Plaintiff has stated a valid claim against Defendant Hill.

**I.    SCREENING REQUIREMENT**

The Court must review each complaint in which a prisoner seeks redress against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court likewise must review each case brought by a prisoner with respect to prison conditions and each

case in which a plaintiff proceeds *in forma pauperis*. 42 U.S.C. § 1997e(c)(1); 28 U.S.C. § 1915(e)(2). The Court is required to dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1).

## II. STANDARD OF REVIEW

The Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Since Plaintiff is proceeding *pro se*, his complaint must be construed liberally. *See id.* at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted).

A complaint fails to state such a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted). Bare legal conclusions in a complaint, however, are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to

2

determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (noting that although courts construe *pro se* pleadings liberally, courts "will not supply additional factual allegations to round out a plaintiff's complaint"). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal*).

### III. PLAINTIFF'S ALLEGATIONS AND RELIEF SOUGHT

This lawsuit arises following an attack on Mr. Romero which occurred at the Lawton Correctional Facility (LCF). Mr. Romero arrived at LCF on November 25, 2014. (ECF No. 1:3). He was initially placed in the segregation unit, while awaiting bed space elsewhere. (ECF No. 1:3). In late December 2014 or early January 2015, Plaintiff states that Defendant Hill informed him that he was being re-housed to "Unit 2-E." (ECF No. 1:3, 6). Plaintiff objected to this housing assignment, explaining to Defendant Hill that Unit 2-E was widely known as a "gang unit" designated for "Paisas" --- a Mexican gang. (ECF No. 1:3, 6). Mr. Romero told Defendant Hill that he was not a gang member, that he was not from Mexico, and that he was not in any way associated with the Paisas gang. (ECF No. 1:3, 6). According to Mr. Romero, he told Defendant Hill that "Paisas and Mexican Americans do not get along and that there is an ongoing dispute between the two." (ECF No. 1:4). Plaintiff contends that he told Defendant Hill that he believed that he would be in danger if he were housed in Unit 2-E. (ECF No. 1:4, 6).

3

According to Mr. Romero, Defendant Hill threatened Plaintiff with a "misconduct" if he refused the housing assignment in Unit 2-E. (ECF No. 1:4, 6). A few days after the initial conversation, Mr. Romero asked Defendant Hill if he could be placed in general population. (ECF No. 1:4, 7). Plaintiff states that Defendant Hill continued to insist that Mr. Romero be housed in Unit 2-E and while the two were discussing the matter, Defendant Clark arrived at Plaintiff's cell to serve Mr. Romero with a misconduct for "refusing housing." (ECF No. 1:4, 7). Mr. Romero alleges that Defendant Hill stated that if Plaintiff moved to Unit 2-E, he would not receive the misconduct. (ECF No. 1:4, 7). According to Plaintiff, the misconduct would result in having to stay in segregation and receive additional sanctions. (ECF No. 1:7). Ultimately, Mr. Romero conceded to be moved to Unit 2-E in order to avoid the misconduct and any additional punishment. (ECF No. 1:4, 7).

While in his cell in Unit 2-E, Mr. Romero was severely attacked by a group of 5-8 "Paisas" and left unconscious. (ECF No. 1:4-5, 7). Prison officials discovered Plaintiff, called an ambulance, and he was rushed to the hospital where he remained in the ICU for 6 days due to severe head trauma. (ECF No. 1:5, 7-8). When Mr. Romero returned to LCF, he was ultimately housed in general population. (ECF No. 1:5, 8).

Mr. Romero has filed this action alleging:

Each named Defendant conspired to violate Plaintiff's constitutional rights and did violate Plaintiff's constitutional rights, jointly, and individually, by coercing Plaintiff to agreed to, [sic] and by being deliberately indifferent to, housing Plaintiff in an area of the prison which placed Plaintiff at great risk of serious physical harm.

4

(ECF No. 1:8). Liberally construed, Plaintiff is alleging: (1) conspiracy and (2) a failure to protect under the Eighth Amendment. Plaintiff is suing LCF Warden Hector Rios and LCF employees Defendant Hill, Defendant Clark, and John Doe. Mr. Romero has sued all four individuals in their official and individual capacities and seeks monetary relief. (ECF No. 1:1-2, 9-10).

## IV. CONSPIRACY CLAIM

To state a claim of a conspiracy under 42 U.S.C. § 1983, a plaintiff "must allege specific facts showing an agreement and concerted action amongst the defendants." *Brooks v. Gaenzle,* 614 F.3d 1213, 1228 (10th Cir. 2010) (citing *Tonkovich v. Kansas Bd. of Regents,* 159 F.3d 504, 533 (10th Cir. 1998)). "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir. 1994). Plaintiff's allegations do not state a claim of conspiracy under 42 U.S.C. § 1983 as he has not alleged enough facts to infer an agreement between and concerted action by any specific Defendants.

Plaintiff's Complaint alleges that Defendants "conspired to violate Plaintiff's constitutional rights." (ECF No. 1:8). But Plaintiff has not made any allegations that the Defendants conspired to do anything against the Plaintiff. In fact, Mr. Romero only makes allegations against two individuals in the Complaint---Defendants Hill and Clark. But Plaintiff has alleged no specific facts to show that these Defendants had acted in agreement to establish that a conspiracy existed. Mr. Romero states that while Defendant Hill was at Plaintiff's cell, Defendant Clark arrived to "serve Mr. Romero a misconduct for refusing housing." (ECF No. 1: 4). But Plaintiff makes no allegations that

5

Defendants Hill and Clark had conspired together to issue the misconduct or otherwise have Plaintiff housed in Unit 2-E where potential harm existed. Accordingly, Plaintiff's conspiracy claim should be dismissed prejudice for failure to state a claim upon which relief may be granted. *See Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (dismissing claim of conspiracy because plaintiff "fails to allege specific facts showing agreement and concerted action among Bennett and the other defendants"); *see also Kirby v. Dall. Cnty. Adult Probation Dep't*, 359 Fed. Appx. 27, 33-34 (10th Cir. 2009) (affirming dismissal of conspiracy claim explaining that "the liberal pleading standard under the federal rules 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions'") (quoting *Iqbal*, 556 U.S. at 678-79); *Harper v. Rudek*, 2013 WL 1679986, at *5 (W.D. Okla. Feb. 8, 2013) (unpublished op.) (allegations that "Defendants have acted as a cohesive force, in a common enterprise to violate the Plaintiff's 5th and 8th amendments with deliberate indifference" were insufficient to state a claim for conspiracy).

## V. EIGHTH AMENDMENT FAILURE TO PROTECT CLAIM

Prison officials "must take reasonable measures to guarantee the safety of the inmates" and have a duty "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan,* 511 U.S. 825, 832-833 (1994) (internal quotation marks omitted). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id.* at 828. "In cases involving a failure to prevent harm, the prisoner must show that the conditions of his incarceration present an objective 'substantial risk of serious harm,' . . . [and that] "prison officials

had subjective knowledge of the risk of harm." *Howard v. Waide*, 534 F.3d 1227, 1236 (10th Cir. 2008) (quoting *Farmer*, 511 U.S. at 833-34).

"The subjective component of the deliberate indifference test requires that, before liability can be imposed, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Howard*, 534 F.3d at 1236 (quoting *Farmer*, 511 U.S. at 837). This knowledge may be proved "in the usual ways, including inference from circumstantial evidence, and a fact-finder may conclude that a prison official knew of a substantial risk from the very fact that it was obvious." *Id.* (quoting Farmer, 511 U.S. at 842).

### A. Defendants Rios and John Doe

As Defendants, Mr. Romero has named Hector Rios, Warden at LCF, and "John Doe STG." (ECF No. 1:1-2). In the body of the complaint, Mr. Romero describes Defendant Rios as "Warden, Lawton Correctional Facility" and he describes John Doe as "STG, Lawton Correctional Facility." (ECF No. 1:1-2). Those descriptions are the extent to which Defendant Rios and Defendant Doe are mentioned in the entire complaint. Federal Rule of Civil Procedure Rule 8(a) requires the plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a). Based on the lack of allegations against Defendants Rios and Doe, the Court should dismiss claims against these individuals under Rule 8(a) for failure to state a claim. *See Perrian v. Coons*, 2015 WL 1539022, at *7 (D. Colo. Mar. 31, 2015) (dismissing, without prejudice, allegations against defendant as "Executive Director of DOC at all times

7

relevant to this Complaint" for failure to adequately state a claim under Rule 8); *see also Clifton v. Alford*, 2012 WL 394181, at *4 (W.D. Okla. Jan. 12, 2012) (unpublished op.) (dismissing claims against named defendants against whom plaintiff failed to make specific allegations in the complaint); *Staats v. Cobb*, 2011 WL 9133921, at *2 (W.D. Okla. Apr. 26, 2011) (unpublished op.) (dismissing claims against defendants under Rule 8(a) because plaintiff "fail[ed] to allege that he ha[d] been harmed as a result of any action or inaction by the named defendants.").

### B. Defendant Clark

Against Defendant Clark, Plaintiff states: "Sgt. Clark approached [Plaintiff's] cell to serve Mr. Romero a misconduct for refusing housing" and "Sgt. Clark, who is a DHO Disciplinary Hearing Officer, approached Plaintiff's cell and notified him that he was there to serve him with a misconduct for refusing housing." (ECF No. 1:4, 7). Those statements represent the entirety of Plaintiff's claims against Defendant Clark. Plaintiff has not alleged that Defendant Clark had any knowledge of the potentially dangerous situation in Unit 2-E or that he had acted with any sort of deliberate indifference. Mr. Romero does not allege that Defendant Clark wrote the misconduct, only that he delivered it. Defendant Clark's role in serving the misconduct fails to state an Eighth Amendment claim because Plaintiff failed to allege that Defendant Clark subjectively knew of the risk to Mr. Romero if he refused the housing assignment or that he was deliberately indifferent to that risk in any way. As a result, the Court should dismiss, with prejudice, Plaintiff's Eighth Amendment claim against Defendant Clark for failure to state a claim.

### C. Defendant Hill

Mr. Romero has stated an Eighth Amendment claim against Defendant Hill. To satisfy the objective component of a failure to protect claim, an inmate must show "that he is incarcerated under conditions posing a *substantial risk of serious harm.*" *Farmer*, 511 U.S. at 834 (emphasis added). Suffering physical assaults while in prison is not "part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337 (1981); *see Ramos v. Lamm,* 639 F.2d 559, 572 (10th Cir. 1980) ("[A]n inmate does have a right to be reasonably protected from constant threats of violence and sexual assaults from other inmates. Moreover, he does not need to wait until he is actually assaulted before obtaining relief.") (citations omitted). Accordingly, the Tenth Circuit Court of Appeals has held that "[A] plaintiff's uncontroverted claim of deprivations resulting from a sexual assault [is] sufficiently serious to constitute a violation under the Eighth Amendment." *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005).

Here, Mr. Romero stated that Unit 2-E was widely known as a designated gang unit and that he believed he would be in danger of assault if he were housed there because he was not associated with the Paisas gang and there was an ongoing dispute between the gang and Mexican-Americans. (ECF No 1:4). Accordingly, the Court should conclude that Mr. Romero's allegations of being potentially subjected to an assault sufficiently allege a "substantial risk of serious harm" to satisfy the objective component of the Eighth Amendment. *See Howard v. Waide*, 534 F.3d 1227 (10th Cir. 2008)

(holding that the plaintiff had satisfied *Farmer's* objective prong under circumstances involving the threat of a gang assault).

The subjective component of a failure to protect claim requires that the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Verdecia v. Adams*, 327 F.3d 1171 (10th Cir. 2003). The Court should conclude that Mr. Romero has sufficiently alleged facts against Defendant Hill to satisfy this burden. In *Henderson v. Glanz*, 2012 WL 5931546, (N.D. Okla. Nov. 27, 2012) (unpublished op.) the Northern District of Oklahoma considered similar circumstances.

In *Henderson*, a plaintiff-inmate alleged that while visiting the medical unit, she was left alone in an unlocked room known as "the tub room." *Henderson*, at *1. The tub room was an area used to hold inmates to be separated from others, and which was easy to enter and not monitored by video surveillance. *Id.* While alone, shackled, and immobile in the tub room, another inmate entered and proceeded to rape and assault the plaintiff. *Id.* The Plaintiff filed a lawsuit against prison officials alleging deliberate indifference in violation of the Eighth Amendment through various failures to protect her from the rape and assault. *Id.* The Plaintiff alleged that prison officials had failed to: (1) provide adequate supervision of plaintiff and ensure that male and female inmates were separated; (2) take precautions to protect inmates like plaintiff, such as additional monitoring and supervision; (3) assure that known "blind spots" such as the tub room were secure, and (4) monitor and document the movement of other prisoners, such as the inmate who had attacked her. *Id.*

The prison officials filed a motion to dismiss, alleging that the inmate's facts "fall far short of describing or allowing the inference that either [Officer] knew that placing [Plaintiff] in an unlocked tub room that was not monitored by video in the medical unit with the door closed when a detention officer remained on duty was intended to inflict a 'punishment' in the form of sexual assault by another inmate[.]" *Id.* at 3. The Court overruled the motion to dismiss, determining that the plaintiff had stated a plausible claim for deliberate indifference against the officers. The Court stated:

> Plaintiff has alleged that the Officers were aware of the lack of surveillance of the tub room and that certain male inmates, including Inmate Johnson, had access to the tub room. Plaintiff alleged that Officers left Plaintiff shackled in the tub room while it was unlocked and unmonitored, which could be deemed an obvious risk. These facts could potentially demonstrate that Officers were (1) actually aware of facts from which the inference could be drawn that Plaintiff faced a substantial risk of serious harm, (2) that Officers drew such inference, and (3) that Officers failed to take reasonable steps to alleviate that risk such as locking the door, removing Plaintiff's shackles, or removing Plaintiff from the unlocked tub room. Officers describe Plaintiff's allegations as conclusory, arguing that she has alleged no facts supporting that the tub room is actually a "blind spot" within the Jail. However, Plaintiff need not prove her allegations in her Complaint. She must only allege facts that state a non-speculative claim for relief and provide Officers with notice of the actual grounds of the claim against them. Plaintiff's Complaint accomplishes both, and Officers' motion to dismiss is denied.

*Id.* at *4. *Henderson v. Glanz* is instructive. Here, Mr. Romero has stated that he "informed Sgt. Hill that he believed that being housed in 2-E would place him in danger" due to the fact that "Unit 2-E is widely known as the 'gang unit' . . . specifically . . . designated for 'Paisas'-gang members from Mexico. . . [and] Mr. Romero is not a gang member nor is he from Mexico." (ECF No. 1:3-4). Like in *Henderson*, these facts sufficiently allege that Defendant Hill was aware of the facts from which the inference

11

could be drawn that Plaintiff faced a substantial risk of serious harm if he was housed in Unit 2-E, that Defendant Hill drew such inference, and that he failed to take reasonable steps to alleviate the risk to Plaintiff. Defendant Hill's failure to alleviate the obvious risk to Plaintiff is underscored by Plaintiff's allegations that Defendant Hill threatened Mr. Romero with a misconduct if he did not comply with the housing assignment which Plaintiff had alleged would put him at risk. Accordingly, the Court should conclude that Plaintiff has stated a claim against Defendant Hill under the Eighth Amendment for failure to protect.

## VI. SUMMARY OF RECOMMENDATIONS

Upon preliminary review of Plaintiff's claims, the Court should: (1) dismiss, with prejudice, the conspiracy claim in its entirety and any claim against Defendant Clark and (2) dismiss, without prejudice, the claims against Defendants Rios and Doe. The Court should conclude that Plaintiff has stated a valid claim against Defendant Hill.

Because there is a possibility that Plaintiff may be able to cure the defects in the claims against Defendant Rios and Doe, it is recommended that those dismissals be with leave to amend. In proposing dismissal with leave to amend, Plaintiff is hereby reminded of his obligations under Rule 11 of the Federal Rules of Civil Procedure.

## VII. NOTICE OF RIGHT TO OBJECT

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **August 8, 2016**. *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives

the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VIII. STATUS OF THE REFERRAL

This Report and Recommendation does not dispose of all issues currently referred to the undersigned magistrate judge in the captioned matter.

ENTERED on July 21, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE